**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**MICHAEL RUFFIN,**

**Petitioner,**

**v. Case No. 4:17cv198-RH/CAS**

**JULIE JONES, Secretary, Department of Corrections,**

**Respondent.**
**_________________________/**

**ORDER GRANTING IFP MOTION AND REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On April 25, 2017, Petitioner Michael Ruffin, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also filed a motion for leave to proceed in forma pauperis (IFP), ECF No. 3, which is denied.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is successive and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

**Analysis**

Petitioner indicates his state court judgment was entered February 23, 1999, and sentence imposed March 3, 1999, by the Second Judicial Circuit, Leon County, Florida, in case 97-2605, following a jury trial and conviction for armed robbery with a firearm and kidnapping. ECF No. 1 at 1-2. He raises one ground in this § 2254 petition: "United States District Court committed 'plain error' when dismissing Petitioner's habeas motion as time-barred on the basis of an erroneous calculation." *Id*. at 5. In support of this ground, Petitioner references his federal habeas petition in case number 4:05cv364-MP/EMT and argues, in finding that petition untimely, the magistrate judge committed "plain error" by not including, following the dismissal of his Rule 3.850 motion, "the required '90-day period for certiorari review' which has been legally formulated and incorporated [by] 28 U.S.C. § 2244(D)(1)(A) of the Anti-Terrorism and Effective Death Penalty Act of 1996." *Id*. at 18.

Thus, as Petitioner recognizes, he previously challenged this judgment and sentence in Ruffin v. Crosby, No. 4:05cv364-MP/EMT.

Further, after that, he filed three additional § 2254 petitions in this Court challenging the same convictions: (1) Ruffin v. McNeil, No. 4:09cv360-RH/WCS; (2) Ruffin v. Tucker, No. 4:11cv404-WS/WCS; and (3) Ruffin v. Jones, No. 4:14cv509-WS/CAS. Thus, the instant petition is successive for purposes of section 2244(b)(3)(A).

Petitioner has failed to show a jurisdictional basis for the instant habeas action. The dismissal of the prior § 2254 petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). *See* McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (citing Murray and holding that dismissal as untimely constitutes merits disposition and renders later petition second or successive); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that the first

petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted).

This Court does not have jurisdiction to consider a successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file successive petition). Petitioner does not indicate he has obtained permission to file a successive habeas petition and, as pointed out in the Report and Recommendation for his last § 2254 petition, the Eleventh Circuit has repeatedly denied him permission to do so. Ruffin v. Jones, No. 4:14cv509-WS/CAS, ECF No. 16 at 3 (Report and Recommendation entered Nov. 24, 2015). Therefore, this successive § 2254 petition challenging the judgment in Leon County Circuit Court case number 97-2605 should be dismissed.

## Conclusion

Petitioner's IFP motion (ECF No. 3) is **GRANTED**. For the reasons set forth above, this petition is an unauthorized successive petition and this Court does not have jurisdiction to consider it. Accordingly, it is

**RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**