# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MICHAEL RUFFIN,

      Petitioner,

v.                                          CASE NO. 4:17cv198-RH/CAS

JULIE L. JONES, Secretary,
Department of Corrections,

      Respondent.

_____/

## ORDER DENYING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY

      This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF No. 5. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

      As the report and recommendation correctly notes, a person in custody under a state-court judgment may bring a second or successive petition collaterally attacking the judgment only if the United States Court of Appeals authorizes the filing. This petition must be dismissed because it is second or successive and has

not been authorized by the Court of Appeals. This court lacks jurisdiction over the petition.

Parenthetically, it should be noted that the theory underlying the petition is incorrect. The petitioner notes that in applying the one-year limitations period for a § 2254 petition, time during which a properly filed state-court application for collateral review is pending is excluded. The petitioner asserts this includes the 90-day period for seeking review by certiorari in the United States Supreme Court. That is incorrect. The 90-day period for seeking review of a state-court decision on direct appeal does not count against the one-year limitations period, because the judgment of conviction does not become final until that period expires. But the 90-day period for seeking certiorari review of a state-court decision on collateral review is *not* excluded. *See Lawrence v. Florida*, 549 U.S. 327 (2007). This makes no difference here because, either way, the court lacks jurisdiction over this petition.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on May 24, 2017.

                                        s/Robert L. Hinkle
                                        United States District Judge